## MARQUEE TELEVISION NETWORK, INC.

v.

**William EARLY t/a Aida TV Sales & Service, et al. Howard L. Gates t/a American Marketing Systems, Appellants.**

No. 82–1888.

United States Court of Appeals, District of Columbia Circuit.

Submitted April 19, 1983.

Decided Aug. 2, 1983.

Treston E. Moore, Washington, D.C., was on the motion for reconsideration of order of dismissal, for appellants.

Leonard C. Greenebaum and Sonia R. Jarvis, Washington, D.C., were on the motion in opposition to appellants' motion for reconsideration of order of dismissal, for appellee.

## MOTION FOR RECONSIDERATION OF ORDER OF DISMISSAL

Before MIKVA* and EDWARDS, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

We are presented with a case in which an appellant's counsel poorly served his client and now seeks to reopen a terminated docket. Marquee Television Network, Inc. filed a trademark infringement suit in the district court against the appellant, Howard Gates, and a number of other parties. The district court granted default judgments against several defendants and summary judgments against the remaining defendants, including appellant Gates. On June 30, 1982, the date the district court issued a final judgment against Gates, Gates filed his notice of appeal. Throughout these proceedings, Gates has been represented by Treston Moore.

Nothing further was heard from Gates and on February 18, 1983, five months after the appeal was taken, we issued an order directing Gates to show cause why the docket should not be terminated for lack of prosecution. Gates' counsel failed to file a timely response to the order and we termi-

\* Circuit Judge Mikva did not participate in the consideration and disposition of this motion.

nated the docket. Through his attorney, Gates now asks that we reconsider our termination order. In a two-page motion, attorney Moore attributes his failure to prosecute the case to the press of other obligations and difficulty in procuring assistance on appeal. The attorney claims that he has been involved in a criminal appeal in another circuit, that he is a sole practitioner and carries a full teaching load at a local law school, and that he has been unable—for financial reasons—to obtain needed technical assistance or anticipated *pro bono* support.

These assertions, the truth of which we assume, in no way justify the attorney's apparent disregard for his client's interests or his professional responsibilities. We find inexcusable the attorney's failure to file his client's brief, to respond to this court's show cause order, or even to seek an extension of time for filing these papers. Despite this unconscionable behavior, we grant the motion to reopen the docket. At this stage we choose not to penalize Gates for his attorney's inaction; however, we will refer the matter of the attorney's conduct to the panel which hears the merits of this case for consideration of any action deemed appropriate in the circumstances.